UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA M. BAKER KHEEL, a married woman, | ) )  NO.  CV-05-0238-LRS |
| Plaintiff, | ) ) **ORDER GRANTING DEFENDANTS'** ) **MOTION TO DISMISS** |
| -vs- | ) ) |
| STONE STREET, CAPITAL INC., a Pennsylvania Corporation; SETTLEMENT CAPITAL CORPORATION, a Texas Corporation; NEAL J. MARKOWITZ, attorney at law, and JANE DOE MARKOWITZ, and their marital community, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**BEFORE THE COURT ARE** Defendant Settlement Capital Corp.'s Motion to Dismiss Plaintiff's Complaint based on the statute of limitations. (**Ct. Rec. 24**); Defendant Stone Street Capital's Motion to Dismiss and Joinder in Motion to Dismiss (**Ct. Rec. 27**); Stone Street Capital's Amended Motion to Dismiss and Joinder in Motion to Dismiss filed by Defendant Settlement Capital Corporation (**Ct. Rec. 28**), and Defendant Settlement Capital Corporation's Motion to Strike Ms. Kheel's declaration (**Ct. Rec. 35**).

These motions were argued orally on August 3, 2006. Breean Beggs participated on behalf of the Plaintiff, David E. Eash and Brian W. Esler participated on behalf of the Defendants.[1] After careful review of the

---

[1] Defendants for purposes of this motion refers to Settlement Capital and Stone Street Capital. It does not include Neal Markowitz. At this

ORDER -1

pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of the Court on that date, which are incorporated herein by reference.

The Court finds that the Defendants are entitled to dismissal of all of Ms. Kheel's claims with the <u>exception</u> of the allegations of late payments to Ms. Kheel and the alleged missed payment in January 2003. Complaint at ¶ 31.[2] These claims remain viable.

## I. BACKGROUND

Plaintiff Anna Kheel filed this lawsuit in Stevens County on June 23, 2005. Notice of Removal (Ct. Rec. 1) at 2. Defendants removed the case to federal court. This case stems from the sale of a portion of a structured settlement to the Defendants. Plaintiff was seriously injured in an automobile accident in 1991, which resulted in a structured settlement with an annuity. Complaint (Ct. Rec. 1) at ¶9-13. Pursuant to the annuity contract between Plaintiff and Safeco Life & Investments, the Plaintiff was to receive $2,000 per month until 2017 with similar payments thereafter for her life. Complaint at ¶13. In Spring 2001, Plaintiff was approached by Settlement Capital, through its agent, Stone Street Capital, for the purpose of purchasing a portion of the annuity. Complaint ¶15-17, 24. At that time, Stone Street offered to purchase a portion of her annuity payments, $1,200 per month from July 21, 2001 through June 20, 2011. Complaint at ¶19. On June 5, 2001, Defendant

---

juncture, it is unclear whether Mr. Markowitz has been served. He is not currently represented.

[2]The Court notes that Defendants did not address these allegations in their motion to dismiss.

ORDER -2

Settlement Capital purchased a portion of Plaintiff's future payments in the structured settlement. The partial annuity was purchased for a lump sum of $60,190. Pursuant to the agreement, Defendant Settlement Capital currently receives the entire $2,000 a month from Safeco Insurance, and Defendant Settlement Capital is required to send Ms. Kheel $800 per month. Complaint at ¶29-30. It is undisputed that Ms. Kheel signed the contract on May 29, 2001. Settlement Capital signed the contract on June 4, 2001. The contract stated that its effective date was June 5, 2001.

Before entering the agreement, someone from either Stone Street or Settlement Capital had Mr. Markowitz call the Plaintiff to answer her legal questions about the contract agreement. Complaint at ¶ 34-36. Ms. Kheel now claims she did not know that Mr. Markowitz represented the interests of Stone Street and/or Defendant Settlement Capital. Complaint ¶36-37; Plaintiff's Declaration in Opposition to Motion to Dismiss (Ct. Rec. 33) at ¶17. Plaintiff claims that she did not "fully understand the nature and consequences of the contract" that she entered into until January 2003 when an attorney made her aware that she had a potential cause of action. Complaint at ¶39.

In her Complaint, Plaintiff states that she completed the eighth grade, and later received her GED. Complaint at ¶7. She further claims that the financial obligations were not fully explained to her. Complaint at ¶22. In her declaration supporting Plaintiff's Opposition to the Motion to Dismiss,(Ct. Rec. 33), Plaintiff claims she has a reading disability, and has difficulty understanding the written word. *Id* at ¶3.

Plaintiff claims that the Defendants in this case committed common

ORDER -3

law fraud, and material misrepresentation, violated the Washington State Consumer Protection Act as well as breached the contract. In addition, Plaintiff asserts that she has claims for unconscionability and undue influence as well as violated the duty of good faith and fair dealing. Plaintiff also claims legal malpractice against Neal Markowitz, an attorney she claims the Defendants provided for her. *See* Complaint. Plaintiff sought injunctive relief, attorneys fees and damages. *Id* at 11.

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646,

ORDER -4

649 (9th Cir. 1984)(conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

### III. DISCUSSION

As this Court stated on the record, all Plaintiff's claims, with the exception of those against Mr. Markowitz, consist of either conversations she had with various people before signing the contract, or the terms and information contained in the contract and its clauses. It appears that there were no facts underlying her claims of which she was not aware prior to the signing of the contract. Washington follows the general contract principle that parties have a duty to read the contracts they sign. *Del Rosario v. Del Rosario*, 152 Wn.2d 375, 385 (2004). As Defendants point out, Courts presume that parties to an agreement have read all parts of the entire contract and intend what is stated in objective terms." *West Coast Stationery v. Kennewick,* 39 Wn. App. 466, 470 (1985).

#### A. Consumer Protection Act Claims

Plaintiff claims Defendants violated the Washington State Consumer Protection Act. In order to show a violation of the Consumer Protection Act, five elements must be met:(1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to the plaintiff's business or property; and (5) causation . RCW 19.86.020; *Burbo v. Harley C. Douglass*, Inc.125 Wash.App. 684, (2005). The statute of limitations for consumer protection act claims is **four** years. RCW 19.86.120. The record establishes that the contract was signed more than four years before Ms. Kheel filed suit, therefore, Plaintiff's claims are barred by the statute of limitations, and

therefore must be **DISMISSED**.

**B. Fraud Claims**

Counts 1, 6, and 7 of Ms. Kheel's Complaint allege fraud. The statute of limitations for fraud claims is three years. Plaintiff claims that the statute of limitations should be tolled by the discovery rule because she did not know she had a legal cause of action until January 2003 when she conferred with an attorney. Plaintiff's Response (Ct. Rec. 32-1) at 12. The statute of limitations begins to run when a party knows, or in the exercise of due dilligence, should have known" of the **facts** constituting her claim," *Giraund v. Quincy Farm and Chemical*, 102 Wn.App. 443, 449. (2000). *See also Cawdrey v. Hanson Baker,* 129 Wn.App. 810, 816 (2005). As Washington case law makes clear, the discovery rule is a factual rule, not a legal one. Therefore, Plaintiff need not understand at the time that she has a legal cause of action in order for the statute of limitations to begin to run. The record established that Ms. Kheel filed her Complaint more than four years after signing the contract. Moreover, the discovery rule requires the exercise of due diligence and will not be applied where the Plaintiff has ready access to the information upon which the claim is asserted. *Metropolitan Servs. Inc v. Spokane,* 32 Wn.App. 714 (1982), review denied, 98 Wn.2d 1008 (1982). For these reasons, the discovery rule does not apply in this instance.[3]

**C. Unconscionability, Undue Influence and Breach of Good Faith**

---

[3] Plaintiff also argued that she should be allowed to amend her Complaint to plead fraud with particularity. Plaintiff's Response to Defendant's Motion to Dismiss (Ct. Rec. 32-1) at 9. However, this would not change the Court's analysis of her claims. In oral argument, Plaintiff's counsel could not point to any fact that would support Plaintiff's fraud or material misrepresentation claims as to these Defendants, which had not been included in her original complaint.

ORDER - 6

In responding to Defendants' Motion to Dismiss, Ms. Kheel argues that her claims of unconscionability, undue influence, and breach of the duty of good faith and fair dealing are subject to the six-year statute of limitations for breach of contract. However, in Plaintiff's Complaint she stated that her claims for unconscionability and breach of good faith/fair dealing arose under the Uniform Commercial Code. See Complaint at Count VII, ¶ 96-101. The Washington U.C.C. has a four year statute of limitations. In addition, the discovery rule does not apply to transactions under the U.C.C. RCW 62A.2-725. Even if, arguendo, Plaintiff's claim is correct, it is undisputed that the only remedy for those three claims would be recission. See Plaintiff's Response (Ct. Rec. 32-1 at 15-18. However, the record reflects that Plaintiff did not inform Defendants of her intent to rescind the contract for more than four years. Plaintiff's lengthy silence waives the right to rescind. *See Fines v. West Side Implement Co*, 56 Wn.2d 304, 310 (1960).

For the reasons explained on the record on August 3, 2006, as well as in this Order, it is **HEREBY ORDERED:**

1. Defendant Settlement Capital Corp's **Motion to Dismiss** Plaintiff's Complaint based on the statute of limitations (**Ct. Rec. 24**) is **GRANTED**.

2. Defendant Stone Street Capital's Motion to Dismiss and Joinder in Motion to Dismiss (**Ct. Rec. 27**) is **GRANTED**.

3. The Amended Motion to Dismiss and Joinder in Motion to Dismiss filed by Defendant Settlement Capital Corporation (**Ct. Rec. 28**) is **GRANTED**;

4. The Court finds that the Defendants Settlement Capital and Stone Street are entitled to **DISMISSAL WITH PREJUDICE** of all of Ms. Kheel's claims with the exception of the allegations of late payments to Ms. Kheel

ORDER - 7

and the alleged missed payment in January 2003, which were not the subject of the motions to dismiss. This Order does not address any of the claims against Mr. Neal Markowitz or Jane Doe Markowitz.

5.   Defendant's Motion to Strike Ms. Kheel's declaration (**Ct. Rec. 35**) is **DENIED**. The Court considered Ms. Kheel's declaration.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 26th day of October, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 8